GUS LA FORGE v. STATE.

No. A-4530.   Opinion Filed Sept. 27, 1924.
(228 Pac. 1111.)

(Syllabus.)

**Former Jeopardy—Punishment for Illegal Possession of Liquor Under Federal Law as Bar to Punishment for Same Possession Under State Law.** Our statutes provide that whenever it shall appear upon the trial that the accused has already been acquitted or convicted upon any criminal prosecution under the laws of another state, government, or country, founded upon the act or omission in respect to which he is upon trial, this is a sufficient defense.

(a) By virtue of this statute, where one has been punished for the illegal possession of intoxicating liquor under the feder-

al law, he cannot be again punished for the illegal possession of the same whisky, at the same time and place, in violation of the laws of this state.

Appeal from County Court, Payne County; Raymond F. Moore, Judge.

Gus La Forge was convicted of the illegal possession of intoxicating liquor, and he appeals. Reversed.

Walter Mathews, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J.   Gus La Forge, plaintiff in error, was in the county court of Payne county found guilty of the unlawful possession of certain spirituous liquor. His punishment was fixed by the jury at imprisonment in the county jail for a period of 30 days and to pay a fine of $100. From the judgment on the verdict he appeals.

The accused entered his plea of not guilty, and also interposed a plea of former jeopardy, or plea in bar, showing that he had been convicted and punished for the illegal possession of the same spirituous liquor in the federal court for the Western district of Oklahoma. Proof of that fact was made by the introduction in evidence of the records of the case in federal court, supported by oral testimony showing that the liquor involved in both cases was the same, and that the illegal possession charged was at or about the same time.

By the great weight of authority in both the federal and state courts it has been held that punishment for possession or transportation of intoxicating liquors under the federal law does not prevent punishment under a state law for the same character of offense growing out of the same identical act; and that such conviction for a violation of a state law is not necessarily in conflict with the state or feder-

al constitutional provisions against double jeopardy. The underlying reasons for such holding are well and fully discussed in the following cases: United States v. Lanza, 260 U. S. 377, 43 Sup. Ct. 141, 67 L. Ed. 314; State v. Rhodes, 146 Tenn. 398, 242 S. W. 642, 22 A. L. R. 1544, with annotations at page 1551; Annotations, 16 A. L. R. 1237.

However, in this state this question of double punishment is governed by statute. Section 2290, Comp. Stat. 1921, provides as follows:

"Whenever it appears upon the trial that the accused has already been acquitted or convicted upon any criminal prosecution under the laws of another state, government or country, founded upon the act or omission in respect to which he is upon trial, this is a sufficient defense."

In the case of United States v. Lanza, supra, at the conclusion of the opinion written by Chief Justice Taft, it is said:

"If Congress sees fit to bar prosecution by the federal courts for any act when punishment for violation of state prohibition has been imposed, it can, of course, do so by proper legislative provision; but it has not done so. If a state were to punish the manufacture, transportation, and sale of intoxicating liquor by small or nominal fines, the race of offenders to the courts of that state to plead guilty and secure immunity from federal prosecution for such acts would not make for respect for the federal statute, or for its deterrent effect. But it is not for us to discuss the wisdom of legislation; it is enough for us to hold that, in the absence of special provision by Congress, conviction and punishment in a state court, under a state law, for making, transporting, and selling intoxicating liquors, is not a bar to a prosecution in a court of the United States, under the federal law, for the same acts."

The principle announced by Chief Justice Taft concerning federal statutory modifications relating to double pun-

ishment will apply with equal force to state statutes. Our statute above quoted (section 2290, C. S. 1921) is susceptible of but one construction. And a conviction in a federal court for the same act as charged in a prosecution in a state court is a conviction under the laws of a different "government" within the meaning of the statute; and by virtue of the statute alone such conviction is a complete defense to a prosecution for the same act or omission in the courts of this state. If the Legislature desires to abrogate this rule and fall in line with other states pursuing a contrary policy, such change must be made by the Legislature. This court would have no right by judicial construction to abrogate a plain provision of the statute in order to harmonize our practice with that of other states, or for any other reason.

The judgment is reversed, with instructions to the trial court to dismiss the action.

MATSON, P. J., and DOYLE, J., concur.